UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| IN RE APPLICATION OF USA PURSUANT | ) | ML No: 20-519 |
| TO 18 U.S.C. § 3512 FOR ORDER FOR | ) | |
| COMMISSIONER'S APPOINTMENT FOR | ) | |
| FRAUD INVESTIGATION | ) | |
| | ) | |
| | ) | |

*Reference:      DOJ Ref. # CRM-182-72976*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from the Czech Republic.  In support of

this application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of the Czech Republic, the Supreme Public Prosecutor's

Office of the Czech Republic, submitted a request for assistance (the Request) to the United

States, pursuant to the Treaty between the United States of America and the Czech Republic on

Mutual Legal Assistance in Criminal Matters, Czech – U.S., Feb. 4, 1998, S. TREATY DOC.

NO. 105-47 (1998), as supplemented by the Supplementary Treaty on Mutual Legal Assistance

in Criminal Matters Between the United States of America and the Czech Republic, Czech –

U.S., May 16, 2006, S. TREATY DOC. NO. 109-13 (the Treaty).

2.      As stated in the Request, the District Public Prosecuting Attorney's Office in

Havlickuv Brod in the Czech Republic, is investigating Tomas Dusek  (Dusek) (also known as

Thomas Sid or Tomas Sid) and Zuzana Safrankova (Safrankova) for embezzlement and fraud,

which occurred between in or about 2010 and 2018, in violation of the criminal law of the Czech

Republic, specifically, Sections 206 and 209 of the Criminal Code of the Czech Republic.  Under

the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Czech authorities, from 2010 to 2018, Dusek and Safrankova

(Suspects) pretended to be representatives of International Investment Estates, LLC (IIE) as well

as OV Properties, LLC (OVP) and Private Investment Enterprise, LLC (PIE), real estate

management companies in the United States, and fraudulently induced several Czech individuals

and one Czech company (Victims) to transfer payments to purchase real estate in the United

States at 140% to 350% of the fair market value for the purpose of receiving rental and/or sales

profits from fictitious tenants and/or buyers in the United States.  Dusek and Safrankova

defrauded the Czech Victims of at least approximately 646,714 USD.

4.      The Suspects created a website, www.nemovitostivusa.cz, in the Czech Republic,

which described the fraudulent real estate purchase and sales investment scheme.  In addition to

obtaining clients through the website, the Suspects personally met with at least one Victim at the

IIE Nevada office in the United States.  Specifically, Dusek stated that he and Safrankova would

be able to negotiate and purchase real estate located in the United States at a "bargain" sales

price.  In exchange for purchasing the properties on an installment basis, the Suspects, on behalf

of the Victims and as representatives of the aforementioned real estate management companies,

would rent and/or sell the properties to fictitious individuals in the United States and later, send payments on a quarterly basis to the Victims as a financial return on their investment. All Victims were instructed by Dusek, in person or via email communication, to transfer initial payments and reinvestment of sales proceeds to bank account number xxxxxxxxx2398, held in the name of IIE at Wells Fargo Bank, N.A. (Wells Fargo Bank) in the United States.

5.     To continually recruit and induce new Victims to purchase real estate through their scheme, the Suspects offered some of the Victims who made investments in the scheme in the early years, 2011 to 2013, as references. Further, to establish that the investment opportunity was legitimate, the Suspects periodically sent payments as profits to the Victims in amounts that usually were less than the total initial payments made to purchase the real estate. After the Suspects intermittently made payments to the Victims, they ceased sending payments. Subsequently, most, if not all, of the Victims hired private investigators in the United States to investigate whether the real estate investment scheme was legitimate. Each private investigator reported that the subject properties were lawfully purchased in the United States by other individuals for fair market value sales prices significantly less than the initial payments made by the Victims. The Victims reported the fraudulent conduct to Czech authorities and provided the evidence obtained by the private investigators.

6.     To further the investigation, Czech authorities have asked U.S. authorities to provide: (1) bank records pertaining to Wells Fargo Bank account number xxxxxxxxx2398; (2) official records pertaining to the subject real estate properties in the United States; (3) official and/or business records pertaining to the aforementioned limited liability companies, if they exist and can be found in the United States; and (4) witness interviews, if legal representatives of the limited liability companies can be identified and found in the United States.

LEGAL BACKGROUND

7.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The

provisions of a treaty have equal footing with acts of Congress and are binding on the courts.

See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103

(1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a

treaty should be construed liberally "to give effect to the purpose which animates it."  United

States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent

that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty

supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8.      The United States and the Czech Republic entered into the Treaty to promote

more effective judicial cooperation and assistance between the parties in criminal matters.  See

Treaty pmbl.  The Treaty obligates each party, upon request, to provide assistance to the other in

criminal investigations, prosecutions, and related proceedings, including assistance in serving

documents, obtaining testimony, statements, and records, and executing searches and seizures.

Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use

compulsory measures to further the execution of such requests.  Article 5(1)  ("The…

courts…shall have…authority to issue such orders to execute a request…as are authorized under

the laws of the Requested State…").

9.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and
protocols.

Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

      \*            \*            \*

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

      \*            \*            \*

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

necessary to execute a foreign request.

11.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Public Prosecutor's Office of the Czech Republic, the designated Central Authority in the Czech Republic and seeks assistance in the investigation of embezzlement and fraud – criminal offenses in the Czech Republic.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank and/or business records and witness interviews, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

15.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and

commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

16.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence

necessary to execute any pending request for assistance and any subsequent, supplemental requests

in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Angela S. George
Trial Attorney
D.C. Bar Number 470567
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 514-4653
Angela.George@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

IN RE APPLICATION OF USA PURSUANT          )
TO 18 U.S.C. § 3512 FOR ORDER FOR          )
COMMISSIONER'S APPOINTMENT FOR             )
FRAUD INVESTIGATION                        )
                                           )
_____)

*Reference:*     *CRM-182-72976*
**Please repeat when responding.)**

COMMISSIONER'S SUBPOENA

TO: _____

      I, Commissioner Angela S. George, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on _____, for the purpose of rendering assistance to

the Czech Republic, command that you provide the following documents regarding (an) alleged

violation(s) of the laws of the Czech Republic; specifically, _____, in violation

of Section _____ of the Czech Criminal Code.

      Provide records to International Affairs Specialist _____ by emailing

them to _____ or by mailing via FedEx either a paper copy of the

records or any commonly used digital storage device loaded with the files to the following

mailing address by _____, 20__:

For failure to provide records and/or appear for testimony, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                    _____
                                         COMMISSIONER
                                         Angela S. George
                                         Trial Attorney
                                         Office of International Affairs
                                         Criminal Division, Department of Justice
                                         1301 New York Avenue, N.W.
                                         Washington, D.C. 20530
                                         (202) 514-4653
                                         Angela.George@usdoj.gov